JOSÉ E. RODRÍGUEZ SERRA, Plaintiff and Appellee, v. MUNICIPAL COURT OF PUERTO RICO, PONCE SECTION, FIRST DIVISION, RAFAEL ORTIZ PACHECO, Judge, Respondent; FAUSTINO RAMOS, Appellant.

No. 10682.  Argued January 26, 1953.—Decided April 21, 1953.

618

*Inés Acevedo de Campos* and *Rafael Muñoz Ramos,* for appellant. *Práxedes Alvarez Leandri* and *Héctor Lugo Bougal,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Mr. José E. Rodríguez Serra filed in the former Municipal Court of Puerto Rico, Ponce Section, a complaint in an action to enforce the right of accession. He alleges that he is the owner of a lot situated in the Canas Ward of the Clausells Development of Ponce, which lot is leased out to Mr. Faustino Ramos; that Mr. Ramos built a zinc-roofed frame house on the leased lot; that said house is worth $500; that Mr. Rodríguez Serra wishes to acquire the house Mr. Ramos built, pursuant to the right granted him by § 297 of the Civil Code of Puerto Rico, and by means of the indemnity established in §§ 382 and 383 of that same Code. By virtue of such allegations judgment was prayed for declaring plaintiff's right to acquire said house in an action of accession, the plaintiff binding himself to deposit in court, at the defendant's disposal, the $500 he thinks the property is worth, or else, to deposit the amount of the valuation that might be determined by the experts appointed by

the court. He also requested that once the judgment became final and unappealable and the proper value of the house was deposited, the defendant be ordered to surrender the aforesaid house and that if he refused, that he be evicted by the marshal of the court.

Mr. Faustino Ramos, the defendant, moved to dismiss said petition on the ground that the complaint did not state facts constituting a cause of action. Deciding the motion to dismiss, the Hon. Judge of the former Municipal Court of Puerto Rico, Ponce Section, issued the following order, which was notified as indicated at the bottom thereof.

### "ORDER

"After examining the record of this case as well as the motion to dismiss filed by the defendant, the Court deems that the law is against the plaintiff and hereby grants said motion to dismiss the complaint and, consequently, dismisses the complaint, without special imposition of costs.

"Given in Ponce, Puerto Rico, this 12th day of March 1951.

"(signed) R. ORTIZ PACHECO
"Judge, First Division
"Ponce, P. R."

"I HEREBY CERTIFY:

"That on this date I have sent by mail, duly stamped, a copy of this order to the parties hereto, to wit, Mr. Práxedes Alvarez, attorney at law, Vives Street, Ponce, as plaintiff's att'y, and Mrs. Inés Acevedo de Campos, attorney at law, as defendant's att'y, to her address at Castillo Street, Ponce, P. R., and that there is a regular and daily mail service.

"Ponce, Puerto Rico, this 12th day of March 1951.

"(signed) HIPÓLITA ORTIZ
"Assistant Clerk"

On March 27, 1951, Mr. José E. Rodríguez Serra, the plaintiff, filed a motion that copied verbatim reads as follows:

### "MOTION FOR JUDGMENT

"Now COMES the plaintiff herein, by his undersigned attorneys, and respectfully states and prays:

"1. That on March 12 of the current year, this Honorable Court issued an order granting a motion to dismiss the complaint filed by the adverse party.

"That in accordance with the terms of the order of this Honorable Court, the complaint in question is not amendable.

"3. That the plaintiff intends to appeal.

"WHEREFORE the plaintiff respectfully requests this Honorable Court to render final judgment against him.

"In Ponce, Puerto Rico, this 27th day of March 1951.

"HÉCTOR LUGO BOUGAL
"PRÁXEDES ALVAREZ LEANDRY
"Attorneys for the plaintiff
"By: (signed) Héctor Lugo Bougal."

On March 28, 1951, the defendant, Mr. Faustino Ramos, filed another motion that copied verbatim reads:

"MOTION

"NOW COMES the defendant by his undersigned attorneys and to the Hon. Court respectfully ALLEGES:

"FIRST: That the plaintiff has filed a motion in the above-entitled case for final judgment against him, alleging as ground therefor that on the 12th of the instant month of March this Hon. Court issued an order granting the motion to dismiss the complaint filed by the defendant.

SECOND: That the aforesaid order not only granted the motion to dismiss the complaint, but also *dismissed the complaint* without special imposition of costs.

"THIRD: That the aforesaid order puts an end to the above-entitled case and operates as a final and unappealable judgment since no appeal was taken therefrom and the Court should not render now another judgment herein since the case has definitely terminated.

"WHEREFORE the defendant PRAYS the Hon. Court to dismiss plaintiff's motion for a new judgment against him.

"Ponce, Puerto Rico, this 28th day of March 1951.

"R. MUÑOZ RAMOS
"I. ACEVEDO DE CAMPOS
"By: (signed) Inés Acevedo de Campos
"Attorneys for the defendant
"34 Castillo, Ponce, P. R."

On May 3, 1951, the Hon. Judge of the former municipal court issued a second "order" dismissing the motion for judgment filed by the plaintiff-appellee on March 27, 1951. The order is too long for us to copy entirely, but the grounds thereof may be summed up as follows: (1) that the order issued on March 12, 1951, granting the motion to dismiss, partakes of the nature of a judgment, because it puts an end to the controversy between the parties and no appeal has been taken therefrom; (2) that Rule 52, subdivision (a), of the Rules of Civil Procedure of Puerto Rico, ordering courts to set forth their findings of fact and conclusions of law, is not applicable to the former municipal courts.

After this second "order" whereby the former municipal court refused to render judgment, the plaintiff, Mr. Rodríguez Serra, filed in the former District Court of Puerto Rico, Ponce Section, a petition for certiorari alleging that the Municipal Court of Puerto Rico, Ponce Section, had erred in deciding that it was not necessary to render judgment in the above-entitled case, because its order of March 12, 1951, was equivalent to a judgment, from which an appeal should have been taken within the statutory term fixed for appeals from the former municipal to the former district courts, all of which is contrary to the Act governing appeals from municipal to district courts and to the decisions of the Supreme Court of Puerto Rico bearing on this point. The writ was granted and the lower court appeared by way of a demurrer alleging that the petition for certiorari did not state facts constituting a cause of action.

It seems that at the hearing of the petition for certiorari before the former District Court of Puerto Rico, Ponce Section, the parties submitted the certiorari proceeding on the following grounds: (1) that the complaint before the former municipal court did not state who were the parties, their names being merely mentioned in the title of the complaint; (2) that the price of the property was not deposited when the complaint was filed; (3) that in the original complaint

it was not set forth that the lease contract had expired and (4) that the legislation in force was a bar to an action to enforce the right of accession.

In a reflective opinion the trial judge, Mr. Ramón A. Gadea Picó, after correctly applying the most reliable legal doctrine, dismissed the four essential grounds advanced at the hearing of the certiorari, namely, that the names of all the parties need not be alleged in the caption of the complaint, it being sufficient that they be stated in the title of the action: Rule 8(a) and Rule 10(a) of the Rules of Civil Procedure of Puerto Rico; Moore's *Federal Practice*, 2d ed., Vol. 2, pp. 1619, 2003; that a complaint in an action to enforce the right of accession need not allege that the plaintiff made a previous deposit, or paid the value of the thing which is the object of the action, prior to the filing of the complaint, *Echegaray* v. *District Court*, 72 P.R.R. 416; that § 12 of the Reasonable Rents Act of 1946 is unconstitutional and void insofar as it prohibits a landowner from filing a possessory action against a lessee when the owner desires in good faith to recover the leased premises to devote them to his own use, if the term of the contract has expired, *Rivera* v. *Cobian Chinea*, 181 Fed. 2d 974; see also the opinion of Mr. Justice Benjamín Ortiz in *Roselló Hermanos* v. *Figueroa, ante*, p. 403; that in an action of accession brought after the effectiveness of the Reasonable Rents Act of Puerto Rico, rights regarding title may be adjudicated, although the eviction of the tenant must be litigated in accordance with the Rent Act and Regulations, *García* v. *Stella*, 69 P.R.R. 911; that the Rules of Civil Procedure of Puerto Rico are applicable to all proceedings had in the former municipal courts, Act No. 465 of April 25, 1946, (Sess. Laws, p. 1356). As a result of his conclusions he set aside the orders issued by the former Municipal Court of Puerto Rico, Ponce Section, First Division, in civil case No. L. O.–22 dated March 12, 1951, and May 3, 1951. Feeling aggrieved by said judgment, the defendant in the original action appealed to this

Court assigning as errors the setting aside of the former orders and the action of the former district court in granting certiorari.

■■ It is not too difficult to conclude that there is a categorical difference of concept between an "order" and a "judgment." Neither of them constitutes a generic term within which the other may be understood to be specifically comprised. An order puts an end to an incident within a judicial proceeding, whereas a judgment puts an end to the controversy between the parties by means of a final adjudication. Furthermore, there is a difference between them as to the practice followed regarding notification. In the case of an order, the clerk notifies the parties without advising them of their right to appeal. In the case of a judgment, the clerk notifies the parties of the final adjudication, their right to appeal, and the exact date said notice is filed in the record from which date the term to appeal begins to run. In this case it is sufficient to examine the notification received by the plaintiff to realize that the municipal court itself considered that it was an order and not a judgment.

The confusion between these two terms originates in the liberal rule adopted by courts in regarding any ruling which as a matter of law finally concludes the case upon its merits as a judgment and of which due notice has likewise been given: *Espósito* v. *District Court*, 43 P.R.R. 604; *Santiago* v. *Benvenutti*, 43 P.R.R. 343; *Osorio* v. *Planis*, 41 P.R.R. 764; *Revilla* v. *Dist. Ct. of San Juan*, 39 P.R.R. 57. The determination of some demurrers may be a final adjudication: *Aguilera* v. *Pérez*, 51 P.R.R. 1; *Laloma* v. *Fernández*, 61 P.R.R. 550.

■ Among the rulings on demurrers that may constitute a final adjudication is the foregoing demurrer that the complaint does not state facts constituting a cause of action. The doctrine is still the same under the Rules of Civil Procedure of Puerto Rico, by virtue of motions to dismiss on the similar ground that the complaint fails "to state a claim upon which

relief can be granted." Rule 12(*b*) (6) ; *García* v. *Government of the Capital*, 72 P.R.R. 133.

■■ To render judgment on a motion to dismiss for insufficiency, the court must be wholly convinced that no subsequent amendment of the complaint could cure the insufficient pleadings. In case of doubt, the doubt must be settled in favor of the pleader, and he must be given the right to amend his pleadings, inasmuch as a mechanical application of this rule might thwart the ends of justice. This Court has established the rule that no pleading should be dismissed unless the court is wholly convinced that the insufficiency is of such a nature that it will not permit the exercise of the proper action, and that the pleadings must be liberally construed for that purpose: *Boulon* v. *Pérez*, 70 P.R.R. 941; *González* v. *Hawayek*, 71 P.R.R. 493. In this case when the former municipal court dismissed the complaint for insufficiency it assumed that the complaint could not be improved by virtue of any amendment. When a test such as this is applied we must adopt, concerning the ruling in question, a critical attitude as severe as that adopted by the lower court in examining the insufficiency of the pleadings, inasmuch as the spirit of our new judicial era is different. Procedure is a merely formal element, necessary to establish an acceptable practice or routine to expedite judicial proceedings, but it should not be used as a means to defeat the substantive rights of a party. The opinion delivered by the trial judge, Mr. Ramón A. Gadea Picó, convinces us that the complaint was not only susceptible of amendment, but also that it was sufficient in itself for the cause of action exercised, and it was the former municipal judge who erred in decreeing its insufficiency.

Faced with the situation created by the ruling of the municipal judge with his order of March 12, 1951, dismissing the complaint, without granting any period for any subsequent amendment, and with the insufficiency of the notice served by the office of the clerk of the former municipal court,

the plaintiff did what is logically advised by good practice, to pray for judgment in order to appeal: *Quilinchini* v. *Public Service Commission*, 63 P.R.R. 654.

■ The defendant-appellant claims now on appeal that since the term to appeal from the order entered on March 12, 1951, has expired, the former District Court of Puerto Rico, Ponce Section, could not grant certiorari to review said order. In the first place, it is highly improbable that we could consider the practical effect of the order entered on March 12, 1951, granting the motion to dismiss and dismissing the complaint, as a judgment. *Aguilera* v. *Pérez, supra,* in which the defendant-appellant relies, is a case where a judgment was rendered, and notified as such, and not where an order was entered, pretending to be a judgment, and notified as such order, which is the case under consideration here. The entire text of the decision speaks of judgments rendered upon the sustaining of a demurrer. In the second place, an order overruling a demurrer to the complaint is not appealable, as we have seen: *Quilinchini* v. *Public Service Commission, supra.* The municipal court not having granted any term to the party to amend his pleadings, nor the office of the clerk having notified any term within which to appeal, it is not hard to conclude that no mandatory term of appeal ever existed.

■■ We agree that the general rule is that no writ of certiorari should be granted when the aggrieved party loses his ordinary appeal because the time within which to appeal has expired: *Puente* v. *District Court,* 61 P.R.R. 652. But this rule, like all rules established in a science of so fluid a structure as law, has its exceptions. The inherent power of courts to attain the basic ends of justice may successfully meet in many instances the so-called "fatal term." There may be extraordinary or special circumstances urging the discretion of a superior court to grant certiorari, notwithstanding that the term to appeal has expired: *Miranda* v.

*Heirs of Alicea,* 52 P.R.R. 247; *Román* v. *Municipal Court,* 59 P.R.R. 483. The case with which we are concerned is typical of those special circumstances. In the first place, the judge had entered an order that should have been a judgment, since the intention of the municipal court was to put an end to the controversy between the parties. In the second place, service was erroneous, since the notice corresponding to an incidental order and not to a final judgment had been served. In the third place, a mere reading of the pleadings was enough to realize that the complaint was sufficient, although the municipal judge believed in good faith that it had an incurable defect, to wit, the failure to deposit the price, *Echegaray* v. *District Court, supra.* We therefore can not agree with the defendant-appellant that the former District Court of Puerto Rico, Ponce Section, erred in issuing the writ of certiorari.

We shall now consider the other problem of law presented before the two courts that took part in the decision of this case in the first instance. Did former municipal courts have the obligation to file findings of fact and conclusions of law under Rule 52 *(a)* of the Rules of Civil Procedure of Puerto Rico? Rule 1 establishes that the new rules "govern the procedure in the courts of justice of Puerto Rico in all suits of a civil nature, . . ." The fact that on appeal the case had to be heard *de novo* would not relieve the municipal judge from filing his findings of fact and conclusions of law, inasmuch as the rule is general for all courts of justice of Puerto Rico. Furthermore, the purpose of the findings of fact and conclusions of law is not merely to expedite the process of appeal, but also to render operative the defenses of estoppel by judgment and res judicata. This written recapitulation of the factual and legal grounds is considered as an aid to the judge in his task of rendering scientifically a more just decision. *Meléndez* v. *Metro Taxicabs,* 68 P.R.R. 709; 5 Moore's *Federal Practice,* 2d ed. p. 2652; *United States* v. *Forness,* 125 F (2d) 928 (1942).

In the latter case, the illustrious judge of the Second Circuit, Mr. Jerome N. Frank, states:

"It is sometimes said that the requirement that the trial judge file findings of fact is for the convenience of the upper courts. While it does serve that end, it has a far more important purpose—that of evoking care on the part of the trial judge in ascertaining the facts. For, as every judge knows, to set down in precise words the facts as he finds them is the best way to avoid carelessness in the discharge of that duty: Often a strong impression that, on the basis of the evidence, the facts are thus-and-so gives way when it comes to expressing that impression on paper. The trial court is the most important agency of the judicial branch of the government precisely because on it rests the responsibility of ascertaining the facts. When a federal trial judge sits without a jury, that responsibility is his. And it is not a light responsibility since, unless his findings are 'clearly erroneous,' no upper court may disturb them. To ascertain the facts is not a mechanical act. It is a difficult art, not a science. It involves skill and judgment. As fact-finding is a human undertaking, it can, of course, never be perfect and infallible. For that very reason every effort should be made to render it as adequate as it humanly can be."

Of course after the approval of Act No. 11 on July 24, 1952, whereby our former municipal courts became true courts of record, and appeals have become true proceedings of review, there can be no doubt of the obligation of our present district courts (formerly municipal courts) to include in every case they hear, in which the rules are applicable, their findings of fact and conclusions of law.

Now, does this obligation subsist where the determination of a motion to dismiss is concerned? The general rule is that if the motion to dismiss is based on the following grounds: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process and (5) insufficiency of service of process, since the decision of a simple question of law easily disclosed by the very allegations is involved, it is not necessary to include with the decision, find-

ings of fact and conclusions of law. In the case of a motion to dismiss because the complaint fails to state a claim upon which relief can be granted—Rule 12(b)(6)—the facts alleged become findings of fact and therefore findings of proved facts need not be included. The obligation to include conclusions of law depends on the nature of the action. When the facts are self-sufficient to explain the legal point involved, as happens in cases of mixed allegations of fact and of law, conclusions of law are unnecessary. In all other cases the safest position is to include conclusions of law, especially since the rule is that judgments rendered by virtue of a motion to dismiss that goes to the merits, such as a motion for failure to state a claim upon which relief can be granted, especially if it contains all the essential circumstances or facts that may exist in a certain juridical situation, are a bar to a subsequent suit on the same cause of action: *Laloma* v. *Fernández, supra,* p. 552–3 or res judicata, within its own procedural spheres, *Aguilera* v. *Pérez, supra,* p. 5. See also *García* v. *Government of the Capital, supra,* p. 150. This rule is the same both for former municipal courts and for the new district courts created by virtue of Act No. 11 of July 24, 1952, Judiciary Act of the Commonwealth of Puerto Rico.

The judgment appealed from will be affirmed.